**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

|  |  |  |
|---|---|---|
| Hai Xu, | : | |
| | : | |
| | : | Civil Action No.: _____ |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| FMS Financial Solutions, LLC; Equifax Inc.; | : | **COMPLAINT** |
| and Experian Information Solutions Inc., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

For this Complaint, the Plaintiff, Hai Xu, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collections Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal

privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      This action arises out of Defendants' repeated violations of the Fair Credit

Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business here and a substantial portion of the acts giving rise to this action

occurred here.

4.      Any claims under state law brought by the Plaintiff are proper under the doctrine

of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.      Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

**PARTIES**

6.      Plaintiff, Hai Xu (hereafter "Plaintiff"), is an adult individual residing in Columbia, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant, FMS Financial Solutions, LLC (hereafter "FMS"), is a Maryland corporation with a principal place of business at 7700 Old Georgetown Road, Suite 550, Bethesda, Maryland  20814, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8.      Defendant, Equifax Inc. (hereafter "Equifax") is a Georgia corporation with an address of 1550 Peachtree Street Northwest, Atlanta, Georgia 30309, operating as a consumer reporting agency as the term is denied by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerned consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

9.      Defendant, Experian Information Solutions Inc. (hereafter "Experian" or collectively with FMS and Equifax, the "Defendants")) is an Ohio corporation with a business address of 475 Anton Boulevard, Costa Mesa, California 92626, operating as a consumer reporting agency as the term is denied by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerned consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

10.     The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

11.     Plaintiff allegedly incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12.     Thereafter, the debt was purchased, assigned or transferred to FMS for collection from Plaintiff.

13.     FMS then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

14.     FMS reported the Debt to Experian and Equifax, who then placed the Debt on the Plaintiff's credit report.

15.     The Plaintiff contacted the Defendants, and explained with supporting documents, why he does not owe the Debt.

16.     Nevertheless, FMS continued to report the Debt to Experian and Equifax.

17.     FMS continues to report Plaintiff's account to one or more of the three national consumer reporting agencies (hereafter "CRAs") as having current balances due and payable. FMS has intentionally and maliciously reported accounts to the CRAs after failing to establish in court that it was the owner of said accounts.

18.     Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of FMS.

19.     FMS has a policy to "park" its accounts on at least one of the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit scores from the artificially lowered score which directly resulted from the FMS's intentional and malicious conduct.

20.     In the context of "parking" an account, FMS had an obligation and duty under federal and state law to accurately report the balance and it is willfully and maliciously refused to do so.

21.     Plaintiff's credit reports have been accessed since the discharge and therefore the false information of the FMS has been published to third parties.

22.     Despite receiving at least one dispute regarding its false reporting, FMS has intentionally and knowing maintained its policy of keeping false and damaging information on at least one of Plaintiff's credit reports.

23.     Plaintiff sent a letter of dispute on February 13, 2009, to the CRAs. Despite receiving the dispute letter Experian, Equifax, and Trans Union continue to publish the debt on the Plaintiff's credit report.

24.     Experian, Equifax, and Trans Union have failed and/or refused to use reasonable diligence in verifying the accuracy of the information it had published and continues to publish in Plaintiff's credit reports.

25.     Experian, Equifax, and Trans Union have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information it publishes in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq. by DEFENDANT FMS**

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     FMS's conduct violated 15 U.S.C. § 1692e(2) in that FMS misrepresented the character, amount and legal status of the Debt.

28.     FMS's conduct violated 15 U.S.C. § 1692e(10) in that FMS employed false and deceptive means to collect a debt.

29.     FMS's conduct violated 15 U.S.C. § 1692f(1) in that FMS attempted to collect an amount not authorized by the agreement creating the Debt.

30.     FMS's conduct violated 15 U.S.C. § 1692g(b) in that FMS continued collection efforts even though the Debt had not been validated.

31.     The foregoing acts and omissions of the FMS constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32.     The Plaintiff is entitled to damages as a result of FMS violations.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, et seq. by THE DEFENDANTS

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

35.     The Defendants willfully and/or negligently failed in the preparation of the consumer reports concerning Plaintiffs to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b).

36.     The Defendants willfully and/or negligently failed to comport with reinvestigation procedures listed within 15 U.S.C. § 1681(i).

37.     The Defendants willfully and/or negligently failed to fulfill their duties under the FCRA by reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported

5

information determined to be inaccurate or incomplete, failing to provide notice of dispute, and

failing to provide notice of a closed account in violation of 15 U.S.C. § 1681(s-2).

38.     The Defendants' acts or omissions resulted in defaming the Plaintiff by

publishing to third parties false information regarding Plaintiff's creditworthiness.

39.     The Defendants' acts or omissions resulted in the invasion of the Plaintiff's

privacy.

40.     The Defendants failed in their duty to prevent foreseeable injury to the Plaintiff.

41.     The foregoing acts and omissions were undertaken by Defendants willfully,

intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing

business and in gross disregard of the rights of the Plaintiff.

42.     The foregoing acts and omissions of Defendants constitute numerous and multiple

violations of the FCRA, 15 U.S.C. § 1681, et seq.

43.     As a result of the above violations of the FCRA, Defendants are liable to the

Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and the

Plaintiff's actual damages, statutory damages, and costs and attorney's fees under the FCRA.

## COUNT III
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

44.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

45.     The Defendants are each individually a "collector" as defined under MD. Code

Comm. Law § 14-201(b).

46.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law

§ 14-201(c).

47.    The Defendants disclosed or threatened to disclose information affecting the

Plaintiff's reputation for creditworthiness, in violation of MD. Code Comm. Law § 14-202(3).

48.    The Plaintiff is entitled to damages proximately caused by the Defendants'

violations.

## COUNT V
## INVASION OF PRIVACY

49.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

50.    The Defendants' conduct, as described herein, constitutes an invasion of

Plaintiff's privacy in that it intrudes into Plaintiff's private life, published private facts regarding

Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are

made.

51.    Defendants' actions were done maliciously, without privilege, and with a willful

intent to injure Plaintiff.

## COUNT VI
## DEFAMATION

52.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

53.    Defendants published false information about Plaintiff by reporting to one or

more of the CRAs either a false account or balance.

54.    Each time the Plaintiff's credit report was accessed, a new publication occurred,

which was the result intended by Defendants.

55.    The publication and defamations were done maliciously, without privilege, and

with a willful intent to injure the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against FMS;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

    against FMS;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §

    1692k(a)(3) against FMS;

4.  Statutory damages pursuant to 15 U.S.C. § 1681, *et seq.* against Defendants;

5.  Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

6.  Actual damages from Defendants for all suffered as a result of the

    intentional, reckless, and/or negligent FCRA and FDCPA violations and

    intentional, reckless, and/or negligent invasions of privacy in an amount to

    be determined at trial for Plaintiff; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 10, 2010

Respectfully submitted,

By  /s/ Forrest E. Mays

Forrest E. Mays (Bar No. 07510)
1783 Forest Drive, Suite 109
Annapolis, MD  21401
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com

Of Counsel To

8

LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
ATTORNEYS FOR PLAINTIFF