# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

HAI XU                                    *
      Plaintiff
                                *

v.                                        Civil No. – ELH-10-3196

FMS FINANCIAL SOLUTIONS, LLC, et al.   *

      Defendants         *
                    ******

## MEMORANDUM OPINION

Plaintiff filed suit in this case on November 10, 2010. However, plaintiff failed to serve the summons and Complaint upon Experian Information Solutions, Inc. ("Experian"), one of three defendants, within 120 days after the filing of the Complaint. Therefore, on May 6, 2011, the Court issued an Order (ECF 7), requiring plaintiff to show cause as to why the Complaint should not be dismissed as to Experian, without prejudice, pursuant to Fed.R.Civ.P. 4(m) and Local Rule 103.8.a. By letter dated May 26, 2011, counsel for the plaintiff submitted a response to the Court, via facsimile. The letter does not reflect service to counsel for defendants Equifax, Inc. and FMS Financial Solutions, LLC. Nor does it appear to have been filed with the Court.[1] In the letter, plaintiff's counsel explains the delay in effecting service upon Experian, as follows:

> On November 30, 2010, Plaintiff engaged Legal Papers, Inc. of Towson, Maryland to serve the resident agent of Experian, the Corporation Trust, Incorporated at 351 West Camden Street, Baltimore, Maryland 21201. Due to a clerical error, service was not effectuated.

Notably, plaintiff's counsel did not provide any description of the clerical error, nor any explanation as to why, since the inception of suit in November 2010, the clerical error apparently

---

[1] The Court has submitted the letter to the Clerk for docketing. *See* ECF 15.

was neither discovered nor addressed prior to the issuance of ECF 7. However, plaintiff has asked the Clerk to "issue a new summons to be served on Experian." *See* ECF 10.

Rule 4(m) of the Federal Rules of Civil Procedure is relevant. It provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) was enacted in 1993 as a successor to the former Rule 4(j), which had required that a case "shall be dismissed" if the defendant was not served within 120 days and the plaintiff "cannot show good cause why such service was not made within that period." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999). After Rule 4(m) was enacted, the Fourth Circuit decided *Mendez v. Elliott*, 45 F.3d 75 (4th Cir. 1995), in which it opined that the new Rule 4(m) represented a "renumber[ing]" of former Rule 4(j), "without a change in substance," and stated: "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." *Id.* at 78. In so stating, however, the *Mendez* Court did not discuss the Advisory Committee Notes to Rule 4(m), which explicitly state that the rule "'authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*.'" *Hammad*, 31 F. Supp. 2d at 527 (quoting Advisory Committee Notes; emphasis altered).

After *Mendez*, the Supreme Court decided *Henderson v. United States*, 517 U.S. 654 (1996). In *dicta,* the Supreme Court stated that, under Rule 4(m), "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Id.* at 662 (quoting Advisory Committee Notes to Rule 4(m)); *see also id.* 517 U.S. at 658 n.5 ("Rule 4(m)

2

. . . permits a district court to enlarge the time for service 'even if there is no good cause shown.'").[2]

Several decisions of this Court have observed that it is unclear, in this circuit, whether Rule 4(m) vests a court with discretion to grant an extension of the 120-day deadline, in the absence of good cause. *See, e.g.*, *Lehner v. CVS Pharmacy*, Civ. No. RWT-08-1170, 2010 WL 610755, at *2 (D. Md. Feb. 17, 2010); *Knott v. Atlantic Bingo Supply, Inc.*, Civ. No. JFM-05-1747, 2005 WL 3593743 (D. Md. Dec. 22, 2005); *Hoffman*, *supra*, 379 F. Supp. 2d at 786; *Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288 (D. Md. 2002); *Hammad*, 31 F. Supp. 2d at 526; *United States v. Britt*, 170 F.R.D. 8 (D. Md. 1996). Some regard *Mendez* as binding circuit precedent, *see, e.g.*, *Britt*, 170 F.R.D. at 9, while others have concluded that "*Mendez* is no longer good law." *Hammad*, 31 F. Supp. 2d at 527; *see also Melton*, 211 F.RD. at 289-90. Others have found it unnecessary to resolve definitively whether a finding of good cause is mandatory before an extension can be granted. *See, e.g.*, *Lehner*, 2010 WL 610755, at *2; *Knott*, 2005 WL 3593743, at *1 n.1. Nevertheless, the judges of this Court have consistently held that, even if good cause is no longer an absolute requirement under Rule 4(m), "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman*, 379 F. Supp. 2d at 786; *see also Lehner*, 2010 WL 610755, at *3 (where plaintiff "made no effort to serve Defendant within the time allotted under Fed. R. Civ. P. 4(m)," even assuming that the Court had discretion to excuse

---

[2] To my knowledge, since *Henderson,* the Fourth Circuit has not revisited in a reported opinion the issue of good cause in regard to service of process.

untimely filing, the Court would "not make a mockery of the time requirements set forth in the Federal Rules of Civil Procedure").[3]

Good cause to waive the 120-day requirement of Rule 4(m) does not arise because of the "possibility that Plaintiff's claims will be time-barred if dismissed without prejudice," *Knott*, 2005 WL 3593743, at *2. However, that possibility requires the Court to act prudently before dismissing a case for failure to serve within the time prescribed by the rule.

Significantly, in the majority of the cases I have reviewed (*Lehner*, *Knott*, *Hoffman*, *Melton*, and *Hammad*), this Court has resolved the question of timely compliance with Rule 4(m) in the context of considering a motion by a defendant, served more than 120 days after the filing of the complaint, to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). In those cases, the Court has had the benefit of full adversarial briefing in its consideration of the issue.

Accordingly, the Court will grant an extension of time to plaintiff to effect service. However, the extension is granted without a finding that plaintiff has shown good cause, or any "other reasoned basis" for the extension. *Hoffman*, 379 F. Supp. 2d at 786. Further, the extension is granted without prejudice to Experian's right, within twenty-one days after service

---

[3] To the extent that "good cause" applies, it requires a showing that the plaintiff "made reasonable and diligent efforts to effect service prior to the 120-day limit, which may include a showing that plaintiff's attempts at service were unsuccessful due to a putative defendant's evasion of process." *Quann v. White-Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986); *accord Knott*, 2005 WL 3593743, at *1. Where a plaintiff has failed to serve a defendant, this Court has found good cause lacking in a variety of circumstances, some quite compelling. *See, e.g.*, *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75 (D. Md. 2005) (holding that murder of *pro se* plaintiff's daughter did not constitute good cause to excuse failure to serve defendant within 120 days); *Knott*, 2005 WL 3593743, at *1-2 (holding that serious illness suffered by plaintiff's counsel, which confined him to "bed rest," did not constitute good cause for failure to serve defendant within 120 days).

of the summons and Complaint, to move to vacate the extension as improvidently granted, and to seek dismissal of the Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). In that event, the Court will again consider, after full briefing, the propriety of the extension.

In view of the foregoing, the Court will direct the Clerk to reissue a summons, as requested by plaintiff, and will grant an extension of twenty-one days to effect service, commencing from the date that the summons is issued. A separate Order implementing the foregoing ruling follows.

Date: May 31, 2011                                     /s/_____
                                                      Ellen Lipton Hollander
                                                      United States District Judge